Harold **BUCHIGNANI**, Individually, and as Jailer of Fayette County and Director of Detention of the Lexington-Fayette Urban County Government, Appellants,

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT**; Executive Department for Finance and Administration of the Commonwealth of Kentucky; Fayette County Detention Center Corp., Appellees.

Court of Appeals of Kentucky.

April 30, 1982.

Julius Rather, Lexington, for appellant.

David L. Holmes, Law Dept., Lexington, Charles W. Runyan, Asst. Deputy Atty. Gen., Joe Johnson, Asst. Atty. Gen., Frankfort, for appellees.

Before COOPER, LESTER and GANT, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellees, defendants below, in a declaratory judgment action. That judgment held that the appellant, as a constitutional offi-

cer, was prohibited from operating a commissary for profit, and from receiving compensation for services rendered under a contract with the Lexington-Fayette Urban County Government (hereinafter County Government). It further held that the appellant was liable in damages for the profit he had acquired through the operation of the commissary and the compensation he received from the County Government. The issue presented herein is whether the trial court erred as a matter of law in so ruling. On review, we affirm in part, and reverse in part.

The facts relative to this action are as follows: The appellant, Harold Buchignani, is the elected Jailer of Fayette County. Additionally, he is Director of Detention of the County Government, a position created after the passage of that county's urban government charter. As Director of Detention and in addition to his constitutionally prescribed responsibilities, he assumed those of the former city jailer overseeing the city jail, the city workhouse, and those prisoners formerly jailed through the former Municipal Court of the City of Lexington.

In 1976 and each year thereafter, the appellant entered into a contract with the County Government, whereby he would perform the nonstatutory duties of booking, fingerprinting, and photographing of prisoners for a yearly stipend. Such duties had been the sole responsibility of the police department. In effect, the contract provided the appellant with compensation for services he rendered as Director of Detention rather than as Jailer of Fayette County. Additionally, the appellant operated a commissary within the Detention Center to provide basic items to prisoners. The profit from the commissary's operation was retained by the appellant as compensation. The justification for the commissary's existence has been that it prevents the introduction of contraband into the Detention Center.

Pursuant to an inquiry from the "Lexington Leader," the Attorney General issued a formal opinion on October 2, 1980, stating that the appellant was prohibited from running a commissary for profit. OAG 80–525. Furthermore, he held that the appellant was prohibited from supplementing his salary through his contract with the County Government as the extra compensation exceeded the maximum rubber dollar amount allowed by statute. KRS 64.527. *See also* § 246 *The Kentucky Constitution.* The appellant then filed this action seeking a declaratory judgment as to the rights of the involved parties. Subsequent to motions for summary judgment filed by the appellant and one of the appellees—Department of Finance of the Commonwealth of Kentucky—the trial court held that the appellant was prohibited from running a commissary for profit. Specifically, it held that the state constitution prohibited a public official from profiting from his office. *The Kentucky Constitution*, § 173. As such, it awarded a judgment of $22,397.00 against the appellant in favor of the County Government, representing past profits received by the appellant in the operation of the commissary.

Secondly, the trial court held that the appellant was prohibited from receiving compensation in excess of his constitutionally limited salary. Furthermore, it held that the duties performed by the appellant pursuant to his contract with the County Government were part of his official duties as Jailer of Fayette County. Accordingly, it awarded judgment against the appellant for $13,200.00 representing the amount he received through such contract. It is from such judgment that the appellant now appeals.

Initially, the appellant argues the trial court erred in ruling that he was prohibited from operating a commissary for profit since he operated the commissary as Director of Detention, not as Jailer of Fayette County. In effect, he argues that his duties and responsibilities as jailer are separate from his duties and responsibilities as Director of Detention, as the latter is not a constitutional office and, therefore, not subject to any statutory salary limitations. Furthermore, he argues that his operation of the commissary, albeit for profit, has

resulted in a considerable cost-savings to the County Government.

Conversely, the appellees argue that notwithstanding the appellant's good faith operation of the commissary, and its benefits to the County Government, such operation violates § 173 of *The Kentucky Constitution* as well as KRS 61.190. In effect, they argue that the holder of a public office may not directly, or indirectly, use his office for personal profit. *See* 67 C.J.S. *Officers,* § 204(a) (1978); *City of Middlesboro v. Kentucky Utilities Co.,* 284 Ky. 833, 146 S.W.2d 48 (1940); KRS 45A.450(1).

■ It is axiomatic to say that a public office is a public trust. *See Middlesboro.* Here, there is no evidence to suggest that the appellant directly, or indirectly, violated the public trust implicit in his office as Jailer of Fayette County. On the contrary, he relied on the advice of counsel, the county attorney, and an informal opinion of the Attorney General of Kentucky in operating the commissary. It is admitted by all parties that the existence of the commissary contributes both to the security of the Detention Center and to the benefit of the county as a whole in terms of its cost effectiveness. Furthermore, it is undisputed that the amount of profit received by the appellant during the time he operated the commissary was neither unreasonable nor excessive. Nevertheless, in that the commissary was operated by public employees on public property, its operation violated § 173 of The Kentucky Constitution. That section states that a public official is prohibited from "receiving, directly or indirectly . . . profit or perquisites arising from the use or loan of public funds in his hands." Although there is no contention that actual funds were directly diverted from the public coffers in the operation of the commissary, it is nonetheless undisputed, as found by the trial court, that the appellant benefited from the fruits of public money, i.e., in terms of labor and facilities.

In *Miller v. Porter,* 47 Ky. (B. Monroe, Vol. 8, 1847–8) 282, the Court stated as follows:

. . . the jail is public property provided at the public expense for public uses, which are defined by law, and that the jailer is the officer intrusted by law with the immediate possession and control of this public property for those public uses for which it was erected, and not to be used at his discretion for his own private convenience or emolument.

*Id.* at pp. 282–283.

In *Miller,* the Court simply restated the principle that as a public office is a public trust, the holder of that office may not directly or indirectly use it for personal profit or gain.

Similarly, in *Thompson v. Probert,* 65 Ky. (Bush. Vol. 2) 144 (1867), the Court reiterated the doctrine of *Miller,* ruling that the Montgomery County Jailer could not collect rent from the appellant, who was using certain rooms in the jail as a saddler's shop. It held that the subject rooms, as part of the jail, could not be used for private emolument, nor in connection with the management and control of the jail as a public prison.

■ In view of the past decisions of the courts of this jurisdiction, as well as the principles of common law, we hold that the trial court acted correctly in ruling that the appellant was prohibited from operating a commissary for profit. Nevertheless, we hold that it erred in awarding a monetary judgment against the appellant. Such a judgment is not only inappropriate, but inequitable in light of the fact that the appellant specifically relied on the advice of his own counsel, the county attorney, the Attorney General of Kentucky, as well as the advice and acquiescence of the County Government officials. Given the appellant's reliance on such advice—reliance to his detriment—we hold that the appellees are estopped from seeking any monetary damages from him. Accordingly, the trial court is directed to vacate its judgment in this respect and enter a prospective judgment, ruling that the appellant is prohibited from operating a commissary for profit. No damages are to be awarded against him.

Secondly, we are confronted with the question of whether the constitutional limit on the appellant's salary constitutes a bar from his entering into a contract with the County Government for duties not specifically related to his official duties. Here, it is undisputed that the appellant was receiving the maximum compensation for Kentucky jailers at the time this action was filed. KRS 64.527. Consequently, any additional compensation received by him would exceed the maximum rubber dollar amount allowable under the statute and under § 246 of *The Kentucky Constitution*. In ruling that the appellant was prohibited from receiving additional compensation pursuant to his contract, the trial court held that the duties set forth under this contract were, in effect, official duties of the county jailer. Therefore, it held that the receipt of such additional compensation violated § 246 of the state constitution. We hold otherwise.

The services performed by the appellant under his contract with the County Government—the fingerprinting and photographing of prisoners—were not a part of his official duties as Jailer of Fayette County. In 67 C.J.S., *Officers*, § 227, it is stated as follows:

> On the other hand, an officer is not obliged, because his office is salaried, to perform all manner of public service without additional compensation. So, for services performed by request, not part of the duties of his office, and which could have been as appropriately performed by any other person, he may recover a proper remuneration.

*Id.* at pp. 727–728.

In *Land v. Lewis*, 299 Ky. 866, 186 S.W.2d 803 (1945), the Court, in confronting a similar situation, stated as follows:

> Where an officer or employe performs extra services outside of official duties and with which they have no affinity or connection, and which do not interfere with his official duties, he is entitled to compensation.

*Id.* 186 S.W.2d at p. 807.

In his official opinion, OAG 80–525, the Attorney General attempted to distinguish the Court's ruling in *Land*, by stating that nothing in the opinion overturned the doctrine that the aggregate of public money paid to a constitutional officer cannot exceed the limits set forth in § 246 of *The Kentucky Constitution*. Yet, in *Land*, the argument *was* advanced that the additional compensation received by the county clerk and his deputy exceeded the constitutional limitations set forth in § 246. More significantly, that Court upheld the principle that an individual, whether an employee or a constitutional officer, may receive additional compensation for extra services performed if such services are outside one's official duties and have no affinity or connection with them. Consequently, we hold the trial court erred in ruling that the appellant was prohibited from entering into a contract with the County Government for non-official duties. Accordingly, its judgment in this respect is reversed.

In addressing the issues raised by the parties, we state that the question of who may operate a commissary within a county jail is one that should be looked at by the state legislature. Here, the appellant's operation of the commissary benefited not only himself, but also the county in terms of cost effectiveness, and in providing needed commodities to prisoners. Perhaps a legislative initiative can insure the continuance of such benefits.

The judgment of the trial court is affirmed with respect to its holding that the appellant is prohibited from operating a commissary for profit, and reversed as to the money judgment awarded against him for past due profits he acquired while operating such commissary. We direct the trial court to enter a new judgment, prospective in nature, in conformity with this opinion, vacating any money judgment awarded to the appellees. The judgment of the trial court with respect to the appellant's contract with the County Government is reversed.

GANT and LESTER, JJ., concur.

LESTER, Judge, concurring.

I thoroughly concur with Judge Cooper's expression of the views of the court primarily because of the balancing of the equities as between the parties with due regard for the protection of the interests of the Commonwealth. In one respect, I would go a step farther and conclude that there is no prohibition against the operation per se of a commissary by a jailer so long as a marginal profit therefrom together with that officer's salary would not exceed the constitutional limit. In the event that the income should go beyond the permissible maximum, then it should be retained by the appropriate authority, hopefully to be expended for some purpose connected with the operation of the detention facility.