**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, et al., Appellants,**

v.

**Dr. Joseph Murray HAYSE and The Board of Trustees of the Lexington Public Library, Appellees.**

**Dr. Joseph Murray HAYSE, Cross-Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, et al., Cross-Appellees.**

**BOARD OF TRUSTEES OF the LEXINGTON PUBLIC LIBRARY, Cross-Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, et al., Cross-Appellees.**

Court of Appeals of Kentucky.

Sept. 28, 1984.

Rehearing Denied Nov. 30, 1984.

Discretionary Review Denied Feb. 21, 1985.

**302**

Terry Sellars, Suzanne Shively Havens, Lexington, for appellants/cross-appellees, Lexington-Fayette Urban County Government.

William C. Jacobs, Wilson, Jacobs & Wilson, Lexington, for appellee/cross-appellant, Dr. Joseph Murray Hayse.

J. David Porter, Martin, Ockerman & Brabant, Lexington, for appellee/cross-appellant, Bd. of Trustees of the Lexington Public Library.

Before COMBS, DUNN and WHITE, JJ.

COMBS, Judge.

The trial court granted summary judgment requiring the Lexington-Fayette Urban County Government to appropriate out of its general funds to the Lexington Public Library an amount consistent with KRS 173.360(1).

The government argues on appeal that "roll-back" provisions of KRS ch. 132 apply to KRS 173.360, and the suit was improperly designated as a class action. The library and the library patron argue on cross-appeal that the trial court improperly denied retrospective relief.

In 1968, the library filed suit against the City of Lexington for the minimum funding under KRS 173.360 of five cents per $100 worth of property assessed for local taxation. This suit was settled and an agreed order was entered.

In 1979, this action was commenced as a class action by a library patron. He sought a class action to hold the agreed order null and void, for additional funding from 1974, and a finding by the court that the KRS ch. 132 "roll-back" provisions are inapplicable to KRS 173.360. The trial court's judgment was favorable to the library patron and the library, except that the additional funding was granted only prospectively.

■ The roll-back provisions of KRS ch. 132 would apply to tax levies to maintain public libraries. Under KRS ch. 132 a taxing district's revenue from ad valorem taxes is limited. This chapter has the effect of rolling back the tax rate to maintain a constant revenue. Taxes levied to support a library created under KRS 173.310 or KRS 173.450 would have to comply with KRS ch. 132.

The Lexington Public Library is not maintained by a tax levy, but by appropriation of funds from the local government. KRS 173.310 does not mandate a levy to maintain libraries created under that section. The last paragraph of that statute reads as follows:

When any one (1) of the above methods has been complied with, the legislative

bodies of the governing units shall at once make the necessary *appropriation or levy* to establish and maintain such library service annually and perpetually. (Emphasis added).

The statute does not mandate a levy, but gives the government the option of funding by levy.

It is also noted that when a KRS 173.310 library is merged with a public library district that "... any tax levied under KRS 173.310 ..." is removed. KRS 173.395. The use of the word "any" as opposed to a word such as "the" would indicate the optional nature of the levy.

The government argues that to appropriate funding required by KRS 173.360 when its ad valorem taxes are restricted by the roll-back provisions would lead to the absurd result that the library would be funded a greater percentage of the general fund with the passage of time. The General Assembly has provided a solution to this problem. KRS 173.360(1) reads, in part, as follows:

> "... In those instances where county library service has been established on the initiative of the fiscal court and when an appropriation of less than the minimum amount required by this subsection is proposed, the minimum amount of support for county library service may be determined annually through a mutual agreement of the county library board, the county fiscal court, and the department of library and archives. This agreement shall be reflected in the records of the legislative body of the governmental unit making the appropriation."

We find that the General Assembly enacted this provision for the parties named in the statute to enter into good faith negotiations to solve the problem pointed out by the government.

The trial court has not erred in allowing the library patron to maintain this suit as a class action. Notice to members of the class is not required in an action under CR 23.02(b). It would not be necessary to maintain this action as a class action, but it is allowable.

The trial court properly denied retrospective relief. *Buchignani v. Lexington-Fayette Urban County Government*, Ky. App., 632 S.W.2d 465 (1982).

The filing of additional brief as requested by the library patron is unnecessary.

The judgment of the Fayette Circuit Court is affirmed.

All concur.